# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DANIEL-JAY DAGANTE MAHONE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) CIVIL ACTION NO. 05-0405-WS |
| v. | ) |
| | ) CRIMINAL ACTION NO. 99-0194-WS |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER

This matter is before the Court on the petitioner's motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255. (Doc. 142). The respondent has filed a response in opposition, (Doc. 146), and the petitioner a "rebuttal." (Doc. 147). After fully considering the foregoing materials, as well as all relevant portions of the file, the Court concludes that the petitioner's motion is due to be denied.[1]

## BACKGROUND

The petitioner was indicted for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and with using a carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(a). (Doc. 11). He pleaded guilty to both counts and was sentenced to 68 months for bank robbery and 120 months for the firearm charge, with the sentences to run consecutively. (Doc. 64). The petitioner failed to appeal but ultimately was granted leave to file an out-of-time appeal. (Docs. 113, 132).

---

[1]The Hon. Richard W. Vollmer, Jr. presided over the petitioner's guilty plea and sentencing. Judge Vollmer died on March 20, 2003. Consequently, this matter has been referred to the undersigned judge in accordance with Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). The Court has reviewed all relevant portions of the record and familiarized itself with the proceedings before Judge Vollmer.

Appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising the Court that he could identify no arguable issue of merit to raise on appeal. The Eleventh Circuit agreed and affirmed the petitioner's conviction and sentence. (Doc. 141). The petitioner then timely filed this motion to vacate.

The petitioner presents four grounds in support of his motion: (1) that the Court lacked jurisdiction to sentence him on the basis of having discharged a firearm because the indictment charged him only with using and carrying a firearm; (2) that his trial counsel was ineffective in failing to object to the use of a nolo contendere plea in calculating his criminal history; (3) that his trial counsel was ineffective in insisting that he plead guilty to the firearm charge despite the Court's lack of jurisdiction; and (4) that the respondent lacked jurisdiction to prosecute him for bank robbery. (Doc. 142 at 4-7).

### DISCUSSION

**I. Defective Indictment.**

The petitioner did not raise this issue on direct appeal. (Doc. 141).[2] Such a failure, or procedural default, generally bars consideration of the issue on motion to vacate, unless the petitioner can show either: (1) cause for the default and prejudice from the underlying error; or (2) actual innocence. *E.g., Black v. United States*, 373 F.3d 1140, 1142 & n.2 (11th Cir. 2004). The petitioner does not attempt to make such a showing. Instead, he frames his challenge as one to jurisdiction. (Doc. 142 at 4).

"[A] jurisdictional defect cannot be waived or procedurally defaulted [, and] a defendant need not show cause and prejudice to justify his failure to raise one." *Howard v. United States*, 374 F.3d 1068, 1071 (11th Cir. 2004). The Court will assume for present purposes that the failure of an indictment to charge all elements of the offense constitutes

---

[2]His assertion that he did so, (Doc. 142 at 2), is refuted by the Eleventh Circuit's opinion.

a jurisdictional defect.[3]  The Eleventh Circuit, however, has unequivocally held that "the discharge of a weapon under § 924(c)(1)(A)(iii) is a sentencing factor rather than an element of the offense ...."  *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000); *accord Harris v. United States*, 536 U.S. 545, 556 (2002) ("The statute regards brandishing and discharging as sentencing factors to be found by the judge, not offense elements to be found by the jury.").  Because the petitioner's challenge is not to a jurisdictional defect, it is procedurally barred by his failure either to raise it on direct appeal, to show cause and prejudice for his default, or to show his actual innnocence.

In his rebuttal, the petitioner argues that, even if discharge is a sentencing factor rather than an element of the offense, the grand jury might not have indicted him had it known he might be sentenced on the basis of having discharged the firearm.  (Doc. 147 at 1-2).  This non-jurisdictional argument is procedurally defaulted.  At any rate, the petitioner cites no authority for the novel suggestion that a grand jury must be informed of the sentencing implications of an indictment.  Certainly the petitioner was not entitled to have a grand jury find probable cause that he discharged a firearm.  *Harris v. United States*, 536 U.S. at 568-70.[4]

**II.  Ineffective Assistance - Criminal History.**

---

[3]*See United States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002) ("[A] district court is without jurisdiction to accept a guilty plea to a 'non-offense.'"); *United States v. Tallant*, 547 F.2d 1291, 1300 (5th Cir. 1977) ("[A]lthough an ineptly drafted indictment may sometimes rise to the jurisdictional level, a misread or paraphrased indictment which adequately sets forth the elements of the offense ... does not constitute such a jurisdictional defect.").  *But see United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case.").

[4]*Harris* continues to control on this point even after *United States v. Booker*, 543 U.S. 220 (2005).  *United States v. Barragan-Sanchez*, 165 Fed. Appx. 758, 760-61 (11th Cir. 2006); *United States v. Ferguson*, 154 Fed. Appx. 839, 844-45 (11th Cir. 2005); *United States v. Crawford*, 133 Fed. Appx. 612, 620-21 (11th Cir. 2005).

Claims of ineffective assistance of counsel are not subject to procedural default even if not raised on direct appeal. *E.g., Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004). The petitioner may therefore pursue this claim despite his failure to raise it on appeal.

To establish ineffective assistance of counsel, "a petitioner must show that counsel's performance was deficient and that he was prejudiced by that deficiency. A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." *Hagins v. United States*, 267 F.3d 1202, 1204-05 (11th Cir. 2001) (internal citations omitted); *accord Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001); *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990). Deficient performance requires a showing that counsel's performance is "objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." *Id.*[5] Prejudice requires a showing of a "reasonable probability that the result of the proceedings would have been different had counsel not performed deficiently." *Id.*[6]

"Conclusory allegations of ineffective assistance are insufficient." *Wilson v.*

---

[5] A petitioner "must prove deficient performance by a preponderance of competent evidence, and the standard is reasonableness under prevailing professional norms." *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303 (11th Cir. 2000). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that *no* reasonable lawyer, in the circumstances, would have done so. ... Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) (emphasis added) (internal quotations and citations omitted).

[6] A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." *Gallo-Chamorro*, 233 F.3d at 1303-04. A petitioner must show that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Cross*, 893 F.2d at 1292 (citation omitted).

*United States*, 962 F.2d 996, 997 (11th Cir. 1992) (internal quotes omitted).  Furthermore, "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel.  *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).  Rather, an attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

The petitioner entered a plea of nolo contendere to a state charge, and adjudication of guilt was withheld.  (Doc. 142 at 5).  This diversionary disposition was counted in calculating the petitioner's criminal history, and he argues that his trial counsel was ineffective in allowing this to occur.  (*Id.*).  A nolo contendere plea without adjudication of guilt, however, is required to be counted as part of a defendant's criminal history.  *United States v. Rockman*, 993 F.2d 811, 812, 814 (11th Cir. 1993).  Because it was not error to include this disposition in the petitioner's criminal history, counsel's failure to object thereto could not possibly constitute ineffective assistance.

### III.  Ineffective Assistance - Guilty Plea.

The petitioner complains that his counsel insisted that he plead guilty to the 924(c) charge even though (because the indictment failed to allege that he had discharged a firearm) the respondent lacked jurisdiction to prosecute him.  (Doc. 142 at 5-6).  This claim must fail because, as discussed in Part I, discharge of a firearm is not an element of the offense, need not be alleged in the indictment, and does not affect jurisdiction.  Because jurisdiction existed, counsel could not have ineffectively allowed the petitioner to plead guilty in the absence of jurisdiction.[7]

---

[7]In his rebuttal, the petitioner argues that counsel was ineffective because he talked the petitioner into pleading to the 924(c) count by "guarantee[ing] ... that he would secure [the petitioner's] rights to appeal, at which time he would have the ability to give the gun charge back."  (Doc. 147 at 3).  Federal Rule of Civil Procedure 14, governing the

## IV.  Lack of Jurisdiction.

This ground is composed of two parts.  First, the petitioner argues that, in order to establish its jurisdiction to prosecute him for bank robbery, the respondent "must prove U.S. ownership of the property in question, and a state cession of jurisdiction."  (Doc. 147 at 4).  The petitioner bases this argument on a number of cases addressing crimes occurring within the "special maritime and territorial jurisdiction of the United States," as defined in 18 U.S.C. § 7(3) — a statute that implements Congress's power to "exercise exclusive legislation in all cases whatsoever, over [what would become the District of Columbia], and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings."  U.S. Const. art. I, § 8, cl. 17.  In such cases, the government must establish its jurisdiction in territorial terms because the criminal statute at issue, and the constitutional grant of authority from which it derives, demand it.

The petitioner, however, was not prosecuted under such a statute but under Section 2113, concerning bank robbery.  That statute is authorized by the separate constitutional grant of power to Congress to "regulate commerce ... among the several states," U.S. Const. art. I, § 8, cl. 3[8] — language which on its face authorizes Congress to address

---

amendment of pleadings, applies to motions to vacate.  *E.g., Davenport v. United States*, 217 F.3d 1341, 1343 n.4 (11th Cir. 2000).  Because the respondent had filed its response, the petitioner could amend his motion to vacate only by leave of court, Fed. R. Civ. P. 15(a), which the petitioner did not seek.  Because the petitioner attempted to raise a new claim unilaterally and in a brief rather than by a motion to amend his motion to vacate, the claim is not properly before the Court.

[8]*E.g., United States v. Watts*, 256 F.3d 630, 633-34 (7th Cir. 2001); *United States v. Harris*, 108 F.3d 1107, 1109 (9th Cir. 1997).

conduct occurring within a state.  Nor does Section 2113 express any territorial limitation to its reach, instead extending to the robbery of "any bank," "the deposits of which are insured by the Federal Deposit Insurance Corporation."  18 U.S.C. § 2113(a), (f).[9]  Because neither Section 2113 nor the interstate commerce clause restricts Section 2113 to conduct occurring within territory under the exclusive control of the federal government, jurisdiction to try the petitioner was not lacking.

The second prong of this ground is that "the funds taken during the bank robbery were not insured by the Federal Deposit Insurance Corporation."  (Doc. 142 at 7).  The petitioner explains that, according to the FDIC itself, "FDIC insurance does not cover bank robberies."  (Doc. 147, Exhibit D).  To the extent the petitioner suggests that this fact prevented the respondent from alleging or proving an element of the offense, he is mistaken.  Section 2113 requires the respondent to plead and prove only that "the deposits of [the robbed bank] are insured by" the FDIC, 18 U.S.C. § 2113(f); it does not require the respondent to plead or prove that the risks insured against include bank robbery, or even that the particular funds stolen constituted deposits.  The indictment properly alleged that "the deposits of [United Bank] were then insured by the Federal Deposit Insurance Corporation," (Doc. 11 at 1), and the petitioner admits that the deposits were so insured.  (Doc. 147 at 5).[10]

## CONCLUSION

---

[9] This expansive sweep of jurisdiction, authorized by the Interstate Commerce Clause, trumps the petitioner's reliance on *Caha v. United States*, 152 U.S. 211, 215 (1894), which: (1) predates modern commerce clause jurisprudence; (2) identifies only a "[g]enera[l]" rule, not an absolute one; (3) is dicta; and (4) apparently has never been judicially cited for the proposition the petitioner extracts from it.

[10] To the extent the petitioner suggests that the limitation in insurance coverage destroys the required nexus to interstate commerce, the argument has been flatly rejected. *United States v. Watts*, 256 F.3d at 633-34.

For the reasons set forth above, the petitioner's motion to vacate is **denied**.

DONE and ORDERED this 21st day of February, 2007.

>                             s/ WILLIAM H. STEELE
>                             UNITED STATES DISTRICT JUDGE